UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AWOKE GEBRETSADIKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  24-1248 (UNA) |
| | ) | |
| | ) | |
| JOHN DOES *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether

the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, an Ethiopian resident of Washington, D.C., has brought a 69-page complaint against "John Doe(s) at the Executive Branch and/or Federal Agencies," the National Security Agency (NSA), and the Internal Revenue Service (IRS).  Compl. Caption.  In addition, Plaintiff has sued in their official capacities President Joe Biden, former Presidents Donald Trump and Barack Obama, and the heads of the NSA and IRS.  *See id*.  Plaintiff "seeks redress for the discriminatory and others including unconstitutional actions and misconducts of the Defendants."  Compl. at 2.  Plaintiff alleges, among other things, that he is being "targeted by the United States Government employees due to my country of origin and race" who are "using government resources and different public entities" and "have been impending, obstructing and corrupting my official proceedings and my day to day life[.]"  *Id*.  Allegedly, Defendants "have expos[ed]" Plaintiff "to repeated attacks and injuries," and he "seeks declaratory and injunctive relief . . . to prevent further attacks and injuries."  *Id*.  Plaintiff accuses "the Government" of committing acts that include "collecting and us[ing] huge amounts of information about my private lives, political beliefs and my associations for evil purposes" and being "involved in anti-national origin and personal targeting attacks against me with personal bias and animus and anti-my national origin."  *Id*. at 3.  He asserts that such "began during President Obama[']s era" and "continued bluntly during President Trump[']s" era.  *Id*.  Except for an alleged shooting incident on June 27, 2021, where Plaintiff was targeted by a "group of young misinformed violent minds," *id*. at 2, the Complaint, to the extent intelligible, does not pinpoint when and where the alleged injurious conduct occurred, nor does it identify a participating government actor.

In the 23-count Complaint, Plaintiff has invoked the U.S. Constitution, the Federal Tort Claims Act, the Administrative Procedure Act, the Foreign Intelligence Surveillance Act, the Patriot Act, the Privacy Act, the Wiretap Act, and international law. *Id*. at 20-64. The convoluted narrative preceding the counts, *see id*. at 2-17, does not "give the defendant[s] fair notice" of a claim "and the grounds upon which it rests." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Further, a complaint, as here, "that is excessively long, rambling, disjointed, incoherent, full of irrelevant and confusing material" and contains claims "that are [not] meaningfully distinguished from bold conclusions, sharp harangues and personal comments" does not satisfy Rule 8's pleading standard. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (cleaned up). So this case will be dismissed by separate order.

Date: July 22, 2024

TREVOR N. McFADDEN
United States District Judge